IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANOGNA DEVABHAKTUNI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-1743-N-BT |
| | § | |
| C.P.S., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Within one week, *pro se* Plaintiff Manogna Devabhaktuni filed three motions: (1) a Motion for "Leave Treatment Trip to India" (ECF No. 16), (2) a Motion for "Immediate Travel to India" (ECF No. 20), and (3) a Motion for "Emergency Meeting with my Judge David Godbey." (ECF No. 23). In her motions, Plaintiff requests the Court's aid in obtaining tickets and traveling to India. Because she identifies no legal authority for the relief requested, her motions are DENIED.

Further, since Plaintiff filed her original Complaint (ECF No. 3) on July 22, 2019, she has attempted to amend her Complaint four times. *See* Amendment of Existing Case (ECF No. 7); Am. Compl. (ECF No. 11); Am. Compl. (ECF No. 17); Am. Compl. (ECF No. 24). Federal Rule of Civil Procedure 15(a), however, only permits a plaintiff to amend her complaint once as a matter of course within 21 days of serving it or within 21 days of a responsive pleading being served. Fed. R.

1

Civ. P. 15(a)(1). Thereafter, a party may only amend her complaint with the opposing party's written consent or the court's leave. *Id.* 15(a)(2). Though Plaintiff has not yet served her Complaint, the Court retains discretion under Rule 15(a) to curtail further amendments until a defendant appears to address the allegations. *Cf. Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citations omitted) (There is "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."); Fed. R. Civ. P. 1 advisory committee's note to 2015 Amendment (noting the amendment of the rule "to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way"). Plaintiff's continuous filing of amended complaints hinders the expeditious disposition of her claims. Plaintiff, therefore, utilized her one opportunity to amend as a matter of course when she filed her "Amendment of Existing Case" (ECF No. 7) on August 16, 2019, and may not further amend her Complaint without leave of court. Because her subsequent amendments (ECF Nos. 11, 17, 24) were filed without leave of court, the Court STIRKES them from the docket. Accordingly, the live pleading is Plaintiff's "Amendment of Existing Case." (ECF No. 7).

2

Last, as the Court previously notified Plaintiff in its August 21, 2019 Order (ECF No. 8), she is responsible for properly serving Defendants with a summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure and filing proof of service with the Court in compliance with Rule 4(l). *See* Fed. R. Civ. P. 4(c), 4(l). Plaintiff is again advised that, if proper service is not made—and shown to the Court through a filed proof of service—before the 90th day from the date of that Order, August 21, 2019, this case is subject to dismissal without prejudice unless she shows both (1) good cause for her failure to timely and properly effect service ***and*** (2) good cause for the Court to extend the time for service for an appropriate period. *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders); *Vafaiyan v. City of Wichita Falls*, 317 F. App'x 406, 408 (5th Cir. 2009) (per curiam) (affirming the district court did not abuse its discretion in dismissing incarcerated plaintiff's complaint pursuant to Fed. R. Civ. P. 4(m)). Defendants to be served are those named in Plaintiff's live pleading, her "Amendment of Existing Case." (ECF No. 7).

**SO ORDERED.**

September 18, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE