IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANOGNA DEVABHAKTUNI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-1743-N-BT |
| | § | |
| C.P.S., et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are separate motions to dismiss *pro se* Plaintiff Manogna Devabhaktuni's live amended complaint (ECF No. 7) filed by the Frisco Police Department (Frisco PD), New York Life Insurance Company (NYL), the Children's Advocacy Center for Denton County (CACDC), the United States of America, HealthMarkets, Inc., and the Texas Department of Family Protection Services (DFPS) (ECF Nos. 28, 54, 81, 84, 88, and 91, respectively), and Plaintiff's responses thereto (ECF Nos. 47, 57, 87, 90, 99). For the following reasons, the Court should GRANT the motions to dismiss and DISMISS all of Plaintiff's claims against the Frisco PD, NYL, the CACDC, the United States, HealthMarkets, Inc., and the DFPS.

**Background**

On July 22, 2019, Plaintiff initiated this civil action by filing a complaint, naming as defendants CPS, the DFPS, "Hospitals," the Arthur Murray Dance Studio, Lebanon Ridge Apartments, Primrose at Lakehill, a medium called Fiona

1

Iam Persian, and various other individuals.[1] Comp. 1 (ECF No. 3). Plaintiff claimed she lost eight or nine million dollars as a result of being "robbed," "harassed," "blackmailed," and "dumped." *Id.* She also claimed her children had been mistreated and "taken away" from her. *Id.* 2. On August 16, 2019, Plaintiff paid the required $400.00 filing fee and filed a document entitled "Amendment of Existing Case," in which she complains of a "terrorist attack on kids" and states that "CPS started killing me and separating my kids and harassing me." First Am. Comp. 1, 2 (ECF No. 7). She further alleges that she experienced sexual harassment at NYL "by two colleagues," and "the same thing happened in Concentra and HealthMarkets." *Id.* 2. She names several parties as defendants, including the United States, "Homeland Security," the IRS, "ICE Team," NYL, Uber, the Frisco PD, the DFPS, Concentra, HealthMarkets, Inc. (which she incorrectly names, as "North Richland Hills Health Markets"), the CACDC (which she incorrectly names the "Advocacy Center"), and "Select Medical Hospitals."

Five days later, the Court entered an order advising Plaintiff that, because she paid the required filing fee, she was responsible for serving a summons and a copy of her live complaint on each defendant, in compliance with Federal Rule of Civil Procedure 4. Order (ECF No. 8). The Court further advised Plaintiff that she had 90 days from that order's date to serve defendants. *Id.*

---

[1] Most of the documents filed by Plaintiff in this case, including her live amended complaint, are handwritten and largely illegible.

Thereafter, Plaintiff attempted to file several subsequent amended pleadings without leave of court. *See* Am. Compls. (ECF Nos. 11, 17, 24). These purported pleadings named over 50 parties as defendants and referenced "a terrorist attack" allegedly carried out against her because she became a naturalized citizen of the United States and converted to the Mormon faith. *See id.* In one of these amended complaints, she named "Donald Trumph [sic] and all other US Presidents and other countries in the world" as defendants and demanded they surrender their presidencies and "all embassies" to her. Am. Compl. 2 (ECF No. 24). She also filed two motions seeking the Court's assistance in obtaining tickets and traveling to India. *See* Mots. (ECF Nos. 16, 20).

On September 18, 2019, the Court denied her motions concerning travel to India and advised Plaintiff that she used her one opportunity to amend her complaint without leave of court or the opposing parties' written consent when she filed her first amended complaint on August 16, 2019. Order 2 (ECF No. 26). The Court struck Plaintiff's subsequent amendments and notified her that "the live pleading is Plaintiff's 'Amendment of Existing Case.' (ECF No. 7)." *Id.* 2. The Court further directed Plaintiff again to Rule 4's provisions regarding service of process and warned her that, if proper service was not made within 90 days of the Court's August 21, 2019 Order, the case would be subject to dismissal. *Id.* 3.

The Frisco PD, NYL, the CACDC, the United States, HealthMarkets, Inc., and the DFPS filed separate motions to dismiss Plaintiff's claims against them under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Plaintiff

3

filed responses to some, but not all of those motions, and implored the Court in other filings to allow her claims to proceed. The motions should be considered fully briefed and ripe for determination.

## Legal Standards and Analysis

The United States and DFPS seek dismissal of Plaintiff's claims under Rule 12(b)(1). The United States and DFPS, as well as NYL and the CACDC, seek dismissal under Rule 12(b)(5). Finally, all the defendants seek dismissal under Rule 12(b)(6). The Court addresses arguments under these rules in that order.

### Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Fifth Circuit distinguishes between a "facial attack" and a "factual attack" on subject-matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* (citation omitted). If the defendant supports the motion with evidence, however, then the attack is "factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Regardless of the attack, "[t]he plaintiff constantly bears the burden of

4

proof that jurisdiction does in fact exist." *Rodriguez*, 992 F. Supp. at 879 (citations omitted) ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.").

When a party files a Rule 12(b)(1) motion in conjunction with other Rule 12 motions, the court should consider the jurisdictional challenge before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citation omitted). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* (citation omitted). When the court dismisses for lack of subject-matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citation omitted).

### The United States of America

Under the doctrine of sovereign immunity, plaintiffs cannot sue the United States without its permission. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) (citations omitted). Absent a waiver of this immunity, or consent to be sued, any suit brought against the United States or any federal agency must be dismissed for lack of subject-matter jurisdiction. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) (citations omitted). The plaintiff bears the burden of showing a waiver of sovereign immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (quoting *St. Tammany Par. v. Fed. Emergency Mgmt. Agency,* 2009 WL 146582, at *6 (5th Cir. Jan. 22, 2009)). Here, Plaintiff has not identified any statute that authorizes her claims against the government. She has, thus, failed to

identify any waiver of sovereign immunity that would permit her suit to go forward against the United States or any federal agency, and her claims against the United States, the IRS, or the Department of Homeland Security must be dismissed without prejudice for lack of subject-matter jurisdiction.

### The Department of Family Protection Services

The Eleventh Amendment generally bars suit against a state agency in federal court. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Although a state may waive its own sovereign immunity, a state's consent to suit in federal court must "be unequivocally expressed." *Id*. at 99 (citations omitted). To invoke this Court's subject-matter jurisdiction, Plaintiff must identify a statute waiving the DFPS's sovereign immunity from suit in federal court for the specific claims Plaintiff seeks to bring against the DFPS. Plaintiff has failed to identify any such statute. Accordingly, Plaintiff's claims against the DFPS also must be dismissed for lack of subject-matter jurisdiction.

### Rule 12(b)(5)

The plaintiff in a civil action is responsible for having the summons and complaint timely served on all the defendants. Fed. R. Civ. P. 4(c)(1). If the plaintiff does not do so, "the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that

service be made within a specified time." Fed. R. Civ. P. 4(m); *accord Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Rule 12(b)(5) permits a challenge to the plaintiff's method of service or the lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (citations omitted). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted). "To establish good cause, a [plaintiff] must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). A plaintiff's *pro se* status does not excuse the failure to properly effect service. *Id.* (citing *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir. 1988)).

Rule 4(c)(2) specifies who may serve a defendant. In particular, Rule 4(c)(2) states that a person who is a party to the action may not serve a defendant. Fed. R. Civ. P. 4(c)(2). "There is no exception for pro se litigants." *Avdeef v. Royal Bank of Scot., P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015) (per curiam) (citing *Shabazz v. City of Hous.,* 515 F. App'x. 263, 264 (5th Cir. 2013) (per curiam)). Furthermore, Rule 4(i) sets forth the procedures for serving the United States and its agencies. Fed. R. Civ. P. 4(i). To properly serve a United States agency, a plaintiff must serve the United States and send a copy of the summons and complaint by certified or

registered mail to the agency. *Id.* 4(i)(2). To serve the United States, a party must serve the United States attorney for the district where the action is brought and send a copy of the summons and complaint by certified or registered mail to the Attorney General of the United States. *Id.* 4(i)(1). A plaintiff may serve the United States attorney by delivering the summons and the complaint to him or her, delivering the summons and complaint to an assistant United States attorney or clerical employee designated by the United States attorney, or sending the summons and complaint by certified or registered mail to the civil-process clerk at the United States attorney's office. *Id.* 4(i)(1)(A). Proof of service must be filed with the court. *Id.* 4(l)(1).

In its motion, the United States asserts that, on October 23, 2019, Plaintiff personally delivered to the U.S. Attorney's office a copy of her original complaint (ECF No. 3), along with summonses addressed to "US Government" and "IRS." U.S. Mot. 1 (ECF No. 84). Plaintiff's attempt at service does not comply with Rule 4's requirements. As a party to the litigation, she cannot serve any defendant herself. Therefore, her claims against the United States and any federal agency should be dismissed without prejudice under Rule 12(b)(5).

Plaintiff also attempted to serve the DFPS, NYL, and the CACDC by personally mailing a copy of the summons to each of these defendants. NYL Br. 2 (ECF No. 54-1); CACDC Br. 3 (ECF No. 81-1); DFPS Mot. 3 (ECF No. 91). Again, Plaintiff herself cannot accomplish service by mailing a summons to any defendant. *See, e.g., Shabazz v. City of Hous.*, 515 F. App'x at 264 (citations

8

omitted) (holding that both federal and Texas law prohibit a plaintiff from serving process); *Shabazz v. White*, 301 F. App'x 316, 317 (5th Cir. 2008) (per curiam) (citing *Delta S.S. Lines, Inc. v. Albano,* 768 F.2d 728, 730 (5th Cir. 1985)) (holding that certified mail from the plaintiff "did not constitute proper service on the defendants under federal or Texas service rules"). Accordingly, the Court should also dismiss Plaintiff's claims without prejudice against the DFPS, NYL, and the CACDC under Rule 12(b)(5).

<u>Rule 12(b)(6)</u>

When deciding a Rule 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks and citation omitted). To survive these Rule 12(b)(6) motions to dismiss, therefore, Plaintiff's amended complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

The court "must construe the pleadings of pro se litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (citing *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002) (per curiam)), "to prevent the loss of rights due to inartful expression." *Marshall v. Eadison*, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam)). But "such a liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) (footnote omitted).

### The Frisco Police Department

The Frisco PD argues Plaintiff's claims against it must be dismissed because the police department is not a jural entity subject to suit. Frisco PD Mot. 4 (ECF No. 28). "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting Fed. R. Civ. P. 17(b)). Federal courts in

Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g., Sims v. Chatham-Sims*, 2019 WL 3804960, at *4 (N.D. Tex. July 26, 2019) (Dallas police department not a proper defendant with jural existence), *adopted by* 2019 WL 3803671 (N.D. Tex. Aug. 13, 2019); *see also Darby*, 939 F.2d at 313 ("In order for a plaintiff to sue a city department, it must 'enjoy a separate legal existence.'" (citations omitted)). "Therefore, '[u]nless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued.'" *Evans v. City of Dallas*, 2017 WL 958607, at *6 (N.D. Tex. Mar. 13, 2017) (citation omitted). "The burden of showing that the city or county department has the capacity to be sued rests on the plaintiff." *Cortes v. Havens*, 2014 WL 6861245, at *6 (N.D. Tex. Dec. 5, 2014) (citation omitted). "[I]f a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim." *Bailey v. Willis*, 2018 WL 3321461, at *7 (E.D. Tex. Jan. 11, 2018) (quoting *Hutchinson v. Box*, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010), *adopted by* 2011 WL 839864 (E.D. Tex. Feb. 17, 2011)), *adopted by* 2018 WL 2126476 (E.D. Tex. May 8, 2018). Here, Plaintiff has not alleged or shown that the City of Frisco has granted the Frisco PD the power to sue or be sued. Accordingly, Plaintiff's claims against the Frisco PD should be dismissed as frivolous and for failing to state a claim. *Id.* (dismissing claims against Frisco PD

as frivolous and for failing to state a claim where plaintiff failed to allege the Frisco PD had jural authority).

Plaintiff does not name the City of Frisco as a defendant. But to the extent she seeks to assert a municipal-liability claim against the City of Frisco under 42 U.S.C. § 1983, she has likewise failed to plead a plausible claim for relief. A plaintiff claiming municipal liability under § 1983 must allege three elements: "(1) an official policy (2) promulgated by the municipal policy maker (3) was the moving force behind the violation of a constitutional right." *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (citation and internal quotation omitted). "The first policy prong 'includes the decisions of government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.'" *Id.* (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (Thomas, J.)). "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Id.* (footnote omitted) (quoting *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997)). Here, Plaintiff's amended complaint fails to identify any policy or custom resulting in a constitutional violation. Therefore, any claim for municipal liability against the City of Frisco should be dismissed for failing to state a claim.

And to the extent Plaintiff seeks to bring a state-law claim against the City of Frisco, she has failed to plead a plausible claim for relief. Under the doctrine of governmental immunity, cities retain immunity from suit unless the legislature

expressly waives it. *See City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011) (citations omitted). Pursuant to the Texas Tort Claims Act, the state has waived cities' governmental immunity only for cases involving the use of publicly-owned motor vehicles and equipment, premises defects, and injuries arising from the conditions or use of property. *See* Tex. Civ. Prac. & Rem. Code § 101.021. Plaintiff does not allege the actionable use of a motor vehicle or a condition or use of tangible personal or real property. Thus, even if Plaintiff's amended complaint were construed to assert state-law claims against the City of Frisco, it is entitled to governmental immunity as to those claims, and the Court should dismiss them.

*The United States, The Department of Family Protection Services,*
*and The Children's Advocacy Center*

Plaintiff's claims against the United States and its agencies, the DFPS, and the CACDC must be dismissed for failure to state a claim. Plaintiff's live amended complaint does not contain any allegations of wrongdoing against any of these defendants, nor does it make any demand for relief. Rather, Plaintiff accuses other parties of sexual harassment and makes vague references to "terrorist attacks" with no explanation of how the United States, the DFPS, or the CACDC is liable for such alleged conduct. Plaintiff does not allege any facts that would allow the Court to reasonably infer the United States, the DFPS, or the CACDC is liable for any misconduct. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, Plaintiff fails to state a claim for relief against the United States, the

DFPS, or the CACDC, and any claims against these defendants should be dismissed without prejudice under Rule 12(b)(6).

### NYL and HealthMarkets

In her live amended complaint, Plaintiff vaguely alleges she was subjected to sexual harassment at NYL "by two colleagues" and "the same thing happened in . . . Health Markets too." Am. Compl. 2. Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act (TCHRA) prohibit employers from discriminating against or harassing their employees with respect to a term, condition, or privilege of employment because of sex. *See* 42 U.S.C. § 2000e-2(a)(1); Tex. Labor Code § 21.051(1); *see also Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012) (stating that discrimination claims under Title VII and TCHRA "are analyzed under the same standard." (citations omitted)). There are two types of sexual harassment: quid pro quo and hostile work environment. Quid-pro-quo harassment is based on threats of adverse employment actions or promises of favorable employment actions in exchange for sexual favors. *Webster v. Bass Enters. Prod.*, 192 F. Supp. 2d 684, 692 (N.D. Tex. 2002) (footnote omitted). Hostile-work-environment sexual harassment requires a plaintiff to show: (1) she is a member of a protected group; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Long v. Eastfield Coll.*, 88 F.3d 300, 309 (5th Cir. 1996) (citing

*Nash v. Electrospace Sys., Inc.,* 9 F.3d 401, 403 (5th Cir. 1993) (per curiam));

*Jones v. Flagship Int'l*, 793 F.2d 714, 719-20 (5th Cir. 1986) (citing *Henson v. City of Dundee,* 682 F.2d 897, 903-05 (11th Cir. 1982)); *see also Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66-67 (1986).

Plaintiff does not identify any facts that support quid-pro-quo harassment. Plaintiff identifies no sexual favors performed or allegedly solicited by any supervisor or manager at either NYL or HealthMarkets to support a claim for quid-pro-quo harassment. Plaintiff also fails to identify any harassing behavior that would support a hostile-work-environment claim. The only statement in Plaintiff's amended complaint that pertains to sexual harassment is a single conclusory sentence in which she alleges that "colleagues" at NYL sexually harassed her and "the same thing happened at . . . Health Markets." Am. Comp. 2. Plaintiff does not provide any additional details regarding the alleged harassment; she does not identify the alleged harasser or state when or where the alleged harassment occurred. Plaintiff also does not identify how any alleged sexual harassment changed any term, condition, or privilege of her employment, nor does she allege that anyone at NYL or HealthMarkets was aware or should have been aware of the alleged harassment and failed to take appropriate remedial steps. Plaintiff has, thus, failed to allege facts sufficient to state a claim against NYL or HealthMarkets. The Court should grant NYL and HealthMarkets, Inc.'s motions to dismiss and dismiss Plaintiff's claims against them.

## Sua Sponte Dismissal of Unserved Defendants

Plaintiff's live amended complaint also names as defendants "Uber," "Concentra," "Denton County Court," and "Select Medical Hospitals." Federal Rule of Civil Procedure 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of

the law do not constitute cause for [her] failure to effect service in compliance with the rules." *Id.* (citing *Kersh*, 851 F.2d at 1512).

Here, Plaintiff paid the statutory filing fee and is, therefore, responsible for properly serving the defendants named in her live amended complaint. The Court specifically advised Plaintiff of this responsibility in its September 18, 2019 Order. The Court further warned her that, if proper service was not made, the case would be subject to dismissal. Plaintiff has not filed proof with the Court that proper service was made on "Uber," "Concentra," "Denton County Court," or "Select Medical Hospitals." Accordingly, the District Court should dismiss without prejudice Plaintiff's claims against these defendants under Federal Rules of Civil Procedure 4(m) and 41(b).

## Leave to Amend

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend [her] complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam)). But leave to amend is not required where an amendment would be futile, i.e. "[w]hen an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

Even though the undersigned instructed her to seek leave to amend her claims, Plaintiff has never sought leave to amend. Instead, Plaintiff ignored the

17

Court's instructions and filed nearly 50 additional documents in this case—most of which are illegible or nonsensical. Plaintiff's filings are filled with paranoid, fanciful, and delusional factional assertions and demands for millions of dollars, the "surrender of all assets," or a personal audience with one or more of the judges in the Northern District of Texas. Several of the purported defendants Plaintiff repeatedly names, like the United States and the DFPS, are immune from suit. She also attempts to add new defendants, including the undersigned, the presiding District Judge, and the President of the United States, who are immune from suit. Further, she should not be allowed to amend her allegations against HealthMarkets, since she apparently abandoned her claims against that defendant. Indeed, when Plaintiff attempted to amend her pleadings she did not mention the claims previously asserted against HealthMarkets. Accordingly, her claims should be treated as abandoned and be dismissed. *See, e.g., Settlement Cap. Corp., Inc. v. Pagan*, 649 F. Supp. 2d 545, 562 (N.D. Tex. 2009) (holding claims asserted in an original pleading, that were not reasserted in amended pleading, were abandoned). Because Plaintiff has not demonstrated that she could state a viable claim for relief against any defendant, she should not be granted leave to amend in this case.

## Sanctions Warning

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir.

1993) (per curiam) (citing *Roadway Express v. Piper,* 447 U.S. 752, 764 (1980)). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* (citing *Roadway Express*, 447 U.S. at 766; *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962)). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees[—]indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Groden v. Allen*, 2009 WL 1437834, at *8 (N.D. Tex. May 22, 2009) (quoting *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (Posner, J.)).

In the year since she filed this lawsuit, Plaintiff has filed 61 additional lawsuits, including 14 lawsuits against the undersigned[2]; nine against the presiding

---

[2] *Devabhaktuni v. Rutherford*, 3:19-cv-02208-M-BN; *Devabhaktuni v. Rutherford et al.*, 3:19-cv-02225-M-BK; *Devabhaktuni v. Rutherford*, 3:19-cv-02920-E-BK; *Devabhaktuni v. Rutherford*, 3:19-cv-02923-M-BN; *Devabhaktuni v. Rutherford*, 3:19-cv-02924-E-BH; *Devabhaktuni v. Rutherford et al.*, 3:19-cv-02958-B-BK; *Devabhaktuni v. Rutherford et al.*, 3:19-cv-02959-N-BH; *Devabhaktuni v. Rutherford et al.*, 3:19-cv-02960-D-BN; *Devabhaktuni v. Rutherford, et al.*, 3:19-cv-02965-E-BT; *Devabhaktuni v. Rutherford*, 3:19-cv-02983-M-BK; *Devabhaktuni v. Rutherford et al.*, 3:19-cv-02987-N-BT; *Devabhaktuni v. Rutherford, et al.*, 3:19-cv-02997-M-BN; *Devabhaktuni v.*

District Judge[3]; and at least seven against other individual judges in the Northern District of Texas, "All in the Court," and the "Federal Court in Texas"[4]. She has also filed lawsuits against President "Donald Trumph [sic]", actress Kristen Stewart, and the "LDS Mormon Chruch [sic]."[5] In these lawsuits, Plaintiff asserted a myriad of incredible, fanciful, and often incomprehensible allegations. As a result, Plaintiff already has been sanctioned and barred from proceeding *in forma pauperis* in any civil action in this Court. Judgment (ECF No. 6), *Devabhaktuni v. Godbey*, 3:19-cv-02216-G-BT (N.D. Tex. Oct. 28, 2019). The Court should further warn Plaintiff that she could be subject to additional sanctions, including monetary sanctions, if she persists in filing frivolous and vexatious lawsuits.

---

*Rutherford, et al.*, 3:19-cv-03011-N-BK; *Devabhaktuni v. Rutherford, et al.*, 3:19-cv-03062-C-BK; *Devabhaktuni v. Rutherford, et al.,* 3:20-cv-00649-S-BT.

[3] *Devabhaktuni v. Godbey*, 3:19-cv-02215-K-BN; *Devabhaktuni v. Godbey*, 3:19-cv-02216-G-BT; *Devabhaktuni v. Godbey*, 3:19-cv-02217-X-BN; *Devabhaktuni v. Godbey, et al.*, 3:19-cv-02222-K-BN; *Devabhaktuni v. Godbey, et al.*, 3:19-cv-02963-M-BN; *Devabhaktuni v. Godbey, et al.*, 3:19-cv-03038-M-BN; *Devabhaktuni v. Godbey, et al.*, 3:19-cv-03039-M-BH; *Manogna v. Godbey, et al.*, 3:20-cv-00273-M-BH; *Devabhaktuni v. Godbey, et al.*, 3:20-cv-00650-M-BH.

[4] *Devabhaktuni v. All in the Court*, 3:19-cv-02240-M-BK; *Devabhaktuni v. Federal Court of Texas, et al.*, 3:19-cv-02582-C-BH; *Devabhaktuni v. Cummings*, 3:19-cv-02619-B-BT; *Devabhaktuni v. Brown, et al.*, 3:19-cv-02957-E-BN; *Devabhaktuni v. USDC Northern District*, 3:19-cv-02998-N-BN; *Devabhaktuni et al v. Lynn, et al.*, 3:20-cv-01072-N-BN; *Devabhaktuni v. Fish, et al.*, 3:20-cv-01633-B-BH.

[5] *Devabhaktuni v. Trumph, et al.*, 3:19-cv-02559-C-BN (also naming Kristen Stewart as a defendant); *Devabhaktuni v. LDS Mormon Chruch in Colony & Utah*, 3:19-cv-02621-G-BK; *Devabhaktuni v. Trumph, et al.*, 3:20-cv-00564-X-BN; *Devabhaktuni v. Trumph, et al.*, 3:20-cv-01635-B-BK.

## Conclusion

The Court should GRANT the motions to dismiss filed by the Frisco Police Department, New York Life Insurance Company, the Children's Advocacy Center for Denton County, the United States of America, HealthMarkets, Inc., and the Texas Department of Family Protection Services (ECF Nos. 28, 54, 81, 84, 88, and 91) and DISMISS Plaintiff's claims against these defendants. The Court also should DISMISS Plaintiff's claims against "Uber," "Concentra," "Denton County Court," or "Select Medical Hospitals."  Finally, the Court should WARN Plaintiff that she could be sanctioned if she files frivolous or vexatious lawsuits in the future.

**SO RECOMMENDED**.

July 16, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).