IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANOGNA DEVABHAKTUNI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-1743-N-BT |
| | § | |
| C.P.S., et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are three "motions to surrender" (ECF Nos. 51, 52, 64) filed by Plaintiff Manogna Devabhaktuni. In each motion, Plaintiff accuses an individual or an entity—none of these accused parties is a properly joined defendant in this lawsuit—of criminal activity and demands that the individual "surrender" to Plaintiff. Mot. (ECF No. 51) (demanding Mohan Ravi surrender "himself and kids and his property"); Mot. (ECF No. 52) (demanding IRS surrender "everything"); Mot. (ECF No. 64) (demanding "Donald Trumph [sic]" surrender "the job and position and level"). The Federal Rules of Civil Procedure do not recognize a "motion to surrender." Accordingly, Plaintiff's motions are DENIED.

To the extent Plaintiff's motions could be construed as a motion for default judgment, Plaintiff has not shown herself entitled to relief. Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. Fed. R.

1

Civ. P. 55(b)(2). A default judgment is available against a defendant if the plaintiff establishes: (1) the defendant has been served with the summons and complaint, and default was entered for his failure to appear; (2) the defendant is neither a minor nor an incompetent person, unless represented by a guardian, conservator, or other fiduciary; (3) the defendant is not in military service or otherwise subject to the Servicemembers Civil Relief Act; and (4) the defendant was provided written notice of the application for default judgment at least seven days prior to the hearing, if the defendant has appeared in the action. *See* 50 U.S.C. § 3931; Fed. R. Civ. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the clerk; and (3) entry of a default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id*. The clerk enters default when default is established by an affidavit or otherwise. *Id*. After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on that default. *Id*. Entry of default judgment is completely within the Court's discretion. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) ("[A] district court has the discretion to decline to enter a default judgment."). The Court appropriately enters default judgment when a defendant fails to answer or otherwise refuses to obey court orders. *See Bonanza Int'l, Inc. v. Corceller*, 480

2

F.2d 613, 614 (5th Cir. 1973) (per curiam); *see also McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970) (per curiam).

Plaintiff is not entitled to a judgment by default. She has not established that any defendant was properly served with summons and a copy of her live complaint. "[S]ervice of process . . . initiates a defendant's obligations in a civil suit . . . ." *Jefferson v. Delgado Cmty. Coll. Charity Sch. of Nursing*, 602 F. App'x 595, 598 (5th Cir. 2015) (per curiam) (citing *Van Cauwenberghe v. Biard,* 486 U.S. 517, 526 (1988)). And until a defendant has been properly served, it "has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) (citing *Broadcast Music, Inc. v. M.T.S. Enters., Inc.,* 811 F.2d 278, 282 (5th Cir. 1987)). To effect proper service, "[a] summons must be served with a copy of the complaint," Fed. R. Civ. P. 4(c)(1), and Plaintiff must comply with the rules governing service of process according to the type of defendant Plaintiff seeks to serve. *See, e.g.*, *id*. 4(e) (delineating rules for serving individuals); *id*. 4(h) (delineating rules for serving corporations). Rule 4(c)(2) permits "[a]ny person who is at least 18 years old and *not a party*" to serve a summons and complaint. *Id*. 4(c)(2) (emphasis added). Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void. *See Rogers*, 167 F.3d at 940 (citing Fed. R. Civ. P. 60(b)(4)). The docket does not reflect that Plaintiff properly served any defendant. For this reason alone, Plaintiff is not entitled to a judgment by default.

Plaintiff also did not obtain an entry of default from the Clerk's office as to any defendant prior to filing her motions. Accordingly, Plaintiff has not satisfied the procedural requirements to obtain a default judgment. Her motions should, therefore, be denied.

**SO RECOMMENDED**.

July 16, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).