IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANOGNA DEVABHAKTUNI, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-1743-N-BT |
| | § | |
| C.P.S., et al., | § | |
| | § | |
|    Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Manogna Devabhaktuni, proceeding *pro se*, filed seven motions asking the Court to reconsider its September 18, 2019 Order (ECF No. 26) striking her serial amended complaints filed without leave of court. *See* Mots. (ECF Nos. 33, 34, 58, 59, 62, 63, 66). The September 18, 2019 Order clarified that Plaintiff's live pleading is her first amended complaint, entitled "Amendment of Existing Case" (ECF No. 7), and the only defendants in this case are those parties named as defendants in the Amendment of Existing Case. Consistent with the September 18, 2019 Order, the Clerk of Court revised the docket sheet to reflect that various individuals and entities Plaintiff attempted to add as defendants by filing amended complaints without leave of court had been "terminated." By her motions, Plaintiff asks the Court to "reopen" the terminated defendants. The Court liberally construes this request to seek leave to file an amended complaint adding new parties as defendants. Plaintiff's motions for leave to amend should be DENIED.

1

Federal Rule of Civil Procedure 54(b) permits a district court to reconsider any order issued before judgment is entered, including an order striking pleadings like the September 18, 2019 Order filed in this case. Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims . . . of fewer than all the parties . . . may be revised at any time before the entry of a judgment[.]"); *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010) (quoting *Lavesepere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam)) ("[W]hen a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (citing *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)). Nonetheless, while the Rule 54(b) standard appears to be less exacting than the standards set forth in Rule 59(e) and Rule 60(b), "considerations similar to those under Rules 59 and 60 inform the Court's analysis," including "whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification." *Id.* (citing *Livingston Downs Racing Ass'n,* 259 F. Supp. 2d at 475;

2

*McLaughlin v. Unum Life Ins. Co. of Am.*, 212 F.R.D. 40, 41 (D. Me. 2002); *Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009)). Thus, with respect to interlocutory orders, the court may "reconsider and reverse its decision for any reason it deems sufficient." *Lavespere*, 910 F.2d at 185.

Here, Plaintiff insists the Court improperly terminated at least 57 parties as defendants, but she fails to provide any reason to reverse the decision to strike her amended complaints filed without leave of court.[1] As the Court explained in the September 18, 2019 Order, Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within: 21 days of serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). "In all other

---

[1] The terminated defendants are: Surpanent Apparao, Apple, Arlington Hospital, Arthur Murray Dance Studio, Dasha Barton, Baylor Health Medical Center Frisco ER, Best Buy, CPS (Carrollton, TX), CPS (Lewisville, TX), Care Flite, Carrollton Spring Wood Center, Devabhaktuni Chittaranjan, DART Police, DFPS (Lewisville, TX), Dallas Sigma Center, Charlie Dee, Denton Gas Stations, Domestic Violence Case Centers, Excelsior Academy, Kelson Jay Fischer, Kauitha Ginjupalli, Raj Ginjupalli, Cindi Hernandez, Hyatt Regency (in DFW Airport), Surapnent Jamona, David Johnson, Fio Johnson (Fiona Iam Persian Medium), Ian Kelley, Alex Kiyaro, Kroger (at Lebanon and Legacy), Anita Lal, Nivea Lawernce, Lebanon Ridge Apartments, Praveen Marella, Saritha Marella, Chilia Martin, Medical City of Frisco ER, Nirmala Mula, Giri Nidumolo, Oakland Behavioral Health, Parkwood Hospitals, William Pearce, Devabhaktuni Nirmala Ratna Kumari, Mohan Kumar Ravi, Mark Rowell, Kris Kat Seanes, Seay Behavioral Center, Sherry Sommer, Southwestern Hospital, Kristen Stewart, Surpaneni Subhakar, Texas Plano Presbyterian Hospital ER, Texas Spring Wood Center, Donald Trumph [sic] (and All Other US Presidents & Other Countries in the World), US Department of Homeland Security, YouTube, Advocacy Center, and Android.

cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The failure to obtain consent or leave of court to file an amended complaint results in an amended complaint that has no legal effect and which the Court may properly strike. *See United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). In this case, Plaintiff made no attempt to seek leave of court before filing any of her amended complaints. Therefore, the Court properly struck her amended complaints.

Even if Plaintiff had sought leave of court to file an amended complaint, the Court would have denied her request. Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). To be clear, leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citation omitted), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (Former 5th Cir. Nov. 1981) (citations omitted). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994 (citing *Dussouy*, 660 F.2d at 598). Still, Rule

15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend." *Dussouy*, 660 F.2d at 598 (citation omitted); *accord Jebaco Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("[L]eave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile."). The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted). To determine futility a court must apply the same standard as applies under Rule 12(b)(6). *Id.* (citations omitted).

    Under Rule 12(b)(6), the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain enough factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting Twombly, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more

than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

Here, Plaintiff's pleadings are fatally infirm; granting leave to amend would be futile and cause needless delay. The Court liberally construes Plaintiff's filings, including her amended complaints filed without leave of court (ECF Nos. 11, 17, 24) and her motions for reconsideration (ECF Nos. 33, 34, 58, 59, 62, 63, 66), with all deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (stating allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). But even under this most liberal construction, Plaintiff's filings are legally and factually frivolous because they contain illogical allegations and fantastic or delusional scenarios that are clearly irrational and incredible. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (O'Connor, J.) ("[A] finding of factual frivolousness is appropriate when the facts

alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Plaintiff's handwritten filings are almost illegible and difficult to decipher. Her sentences are disjointed and resemble a stream-of-consciousness litany of perceived injustices. As best the Court can tell, Plaintiff's proposed amendments allege she was subjected to "a terrorist attack" following her naturalization as a United States citizen and her conversion to the LDS faith. Am. Compl. (ECF No. 11); Am. Compl. (ECF No. 24). She also complains that the "Hyatt Regency in DFW Airport" provided her a dirty, unsafe room. Am. Compl. (ECF No. 17). She demands that "all the Presidents," including "Donald Trumph [sic]," "surrender their presidency . . . and also all embassies" to Plaintiff, Plaintiff's "best friend," and Plaintiff's "little citizen friend." Am. Compl. 2 (ECF No. 24). In various motions for reconsideration, Plaintiff asserts that the terminated defendants are criminals and she references—sometimes using graphic and explicit language—sexual harassment, rape, kidnapping, extortion, and "detonat[ion]." Mots. (ECF Nos. 58, 59, 62, 63, 66). She further accuses the undersigned and the presiding district judge of being criminals for striking her pleadings. Mot. (ECF No. 66). These contentions are legally and factually baseless, and Plaintiff should not be given leave to amend her pleadings to add them.

Finally, in her first motion for reconsideration (ECF No. 33), Plaintiff asks for an opportunity to plead her case in person to the Court. But this Court's local rules provide that, "[u]nless otherwise directed by the presiding judge, oral

7

argument on a motion will not be held." N.D. Tex. L. Civ. R. 7.1(g). Oral argument would not assist the Court in disposing of the pending motions. Accordingly, Plaintiff's request for a hearing is denied.

    **SO RECOMMENDED**.

July 16, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).